**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH C. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| CARDOZA PUBLISHING COMPANY, ) | JURY TRIAL DEMANDED |
| Serve:  Registered Agent ) | |
| Julian Silberstang ) | |
| 9404 NW 39th Street ) | |
| Sunrise, Florida 33351 ) | |
| ) | |
| and ) | |
| ) | |
| AVERY CARDOZA ) | |
| a/k/a ALLAN SILBERSTANG ) | |
| Serve at: ) | |
| 5473 S. Eastern Avenue ) | |
| Las Vegas, Nevada 89119 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Kenneth Warren and for his Complaint against Defendants

Cardoza Publishing Company and Avery Cardoza (a/k/a Allan Silberstang), states and shows the

Court as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Kenneth Warren is and was, at all relevant times, a resident of St.

Charles County, State of Missouri.

2.      Defendant Cardoza Publishing Company is a foreign corporation organized and

existing under the laws of the State of Florida, with its principal place of business located in Las

Vegas, Nevada.

3.     Defendant Avery Cardoza is a resident and citizen of the State of Nevada, and his actual name is Allan Silberstang (hereinafter "Silberstang").

4.     Defendant Silberstang is the founder and sole owner of Defendant Cardoza Publishing and has the sole authority to make all decisions for Cardoza Publishing.

5.     At all relevant times, Defendant Silberstang was acting individually and within the course and scope of his agency and employment with Defendant Cardoza Publishing.

6.     This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1338 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper pursuant to 28 U.S.C. 1391 (b) (2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Among other things, as discussed *infra*, Defendant Cardoza Publishing markets and sells Plaintiff's copyrighted works through traditional "brick and mortar" retail locations including Barnes & Noble, via its website www.cardozabooks.com, and other online outlets and internet websites such as Amazon.com. Defendant Cardoza Publishing's infringing products are regularly sold in the Eastern District of Missouri.

### General Allegations

8.     Plaintiff and Defendant Cardoza Publishing, through its authorized agent Defendant Silberstang, executed several contracts entitled "Cardoza Publishing Book Contract" and which contained substantially the same terms and conditions except for the tentative name of the books which Plaintiff was authoring, to wit:

    a.   On or about June 24, 1996, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled Texas Hold 'em 2, a copy of the front page of which is attached

2

hereto and incorporated by reference as Exhibit 1. (Plaintiff does not have a copy of the remainder of this contract);

b.  On or about June 13, 2002, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled <u>Ken Warren Teaches Hold 'em</u>, a copy of that contract is attached hereto and incorporated by reference as Exhibit 2;

c.  On or about August 29, 2002, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled <u>Ken Warren Teaches Omaha</u>, a copy of that contract is attached hereto and incorporated by reference as Exhibit 3;

d.  On or about February 1, 2003, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled <u>Big Book of Poker</u>, a copy of that contract is attached hereto and incorporated by reference as Exhibit 4;

e.  On or about September 3, 2004, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled <u>Ken Warren Teaches 7-Card Stud</u>, a copy of that contract is attached hereto and incorporated by reference as Exhibit 5;

f.  On or about September 3, 2004, Plaintiff and Defendant Silberstang entered into a Cardoza Publishing Book Contract for the publication and distribution of a book tentatively titled <u>Ken Warren Teaches Hold 'em 2</u>, a copy of the front page of that contract (all Plaintiff has of that contract) is attached hereto and incorporated by reference as Exhibit 6.

9.     The book contracts granted Defendant Cardoza Publishing the right to publish, sell, and license the books identified therein (hereinafter "Plaintiff's Books").

10.     The contracts attached hereto state and require the following: "The Publisher shall pay the author the following royalties on sales (less returns): (a) Sales of paperback (trade and/or mass market) in the United States: 6% of the retail price for all copies sold; (b) Sales of hardcover (if applicable) in the United States: 7.5% of the retail price for all copies sold; (c) Sales of paperback and hardcover outside the United States: 50% of the normal royalty for all copies sold," except with regard to the last two books listed above (Ken Warren Teaches 7 Card Stud and Ken Warren Teaches Hold 'em 2) in which 6% was replaced with 7%.

11.     Plaintiff fulfilled his obligations under the contracts by writing the books specified in the contracts and delivering the books to Defendants.

12.     The book contracts required Defendants "to render biannual statements of account … 60 days after the half has ended" and defined the "half" as being January-June and July-December.

13.     The book contracts further obligated Defendants to pay the royalties owed to Plaintiff biannually "90 days after the half has ended."

14.     Plaintiff is the registered owner of the copyright of each of Plaintiff's Books. Each copyright is registered in the United States Copyright Office (USCO). *See* Exhibits 7-12.

15.     Defendants communicated with Plaintiff at his residence in St. Charles County, Missouri, including via email and U.S. Mail as further described *infra*, and when sending him threatening emails, misleading and inaccurate royalty statements, incorrect and wrong information concerning the publication and volume of distribution and sales of Plaintiff's Books, as well as other purported developments and information concerning the fulfillment of

Defendant's duties and obligations under the Cardoza Publishing Book Contracts.

16.     In 2002, Defendant Silberstang represented to Plaintiff in a letter provided with his semi-annual royalty statement, that Defendants had formed a relationship with Simon & Schuster and that they would distribute and sell Plaintiff's Books through Simon & Schuster, Inc.

17.     Plaintiff has since been told by a person working at Simon & Schuster, Inc. that Plaintiff's Books have sold many more copies, both domestically and in foreign countries, than Defendants have reported to him.

18.     Plaintiff has also been told by a representative of a book distributing company in Germany (Heel Verlag GmbH) that some of Plaintiffs Books have been translated into other languages and have been sold in European countries in significant volume.

19.     In all of their communications delivered or sent to Plaintiff in Missouri and otherwise, Defendants omitted and failed to report to Plaintiff that his books were actually being translated into foreign languages and that there were sales of those books abroad in countries all over the world.

20.     Plaintiff has never received royalties for the sales of Plaintiff's Books that were and are still being translated into other languages and sold in foreign countries.

21.     While Defendants have continued to publish and sell Plaintiff's Books, Defendants have made no royalty payments to Plaintiff for many years.

22.     Plaintiff has notified Defendants that he terminated the book contracts due to their noncompliance with material terms, including the payment of royalties owed to Plaintiff.

23.     Before and after Plaintiff's termination of the book contracts, Defendants have made substantial sales of Plaintiff's Books in Missouri and elsewhere in the United States and in foreign countries.

5

24.     After said termination and without authorization or license from Plaintiff, Defendants have knowingly and willfully continued to publish, reproduce, license, and sell Plaintiff's Books in violation of Plaintiff's rights as the owner of the copyrights.

25.     Since at least 2010 Defendant Cardoza Publishing has featured Plaintiff's Books on its interactive website www.cardozabooks.com, where residents of Missouri and other states could and did purchase Plaintiff's Books.

26.     Missouri residents have purchased Plaintiff's Books at traditional brick and mortar locations including Barnes & Noble, University Bookstore, Left Bank Books, The Booksource, Inc., and Hastings Books, as well as on its interactive website www.cardozabooks.com, as well as through other websites including Amazon.com.

27.     On February 21, 2012, Plaintiff filed a petition in the Circuit Court of St. Charles County, Missouri (Case No. 1211-CC00182), asserting the claims stated in Counts II through VI herein. Plaintiff voluntarily dismissed that action on April 24, 2015.

## COUNT I – COPYRIGHT INFRINGEMENT

28.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

29.     Plaintiff has a clear and unequivocal title to the intellectual property that formed the basis for the contractual relationship established between Plaintiff and Defendants as alleged herein.

30.     Plaintiff owns all copyrights for Plaintiff's Books. Said copyrights are registered with the United States Copyright Office.

31.     Defendants have presented and continue to present to the world an assumed right and/or authorization to sell Plaintiff's Books as described, *supra*.

6

32.     Defendants have received and continue to receive money and other benefits from the continuing and ongoing sales of Plaintiff's Books.

33.     Defendants have not compensated Plaintiff for their past and ongoing publishing, distributing, and selling of Plaintiff's Books.

34.     Defendants' revenues and profits include royalties that were and are the property of Plaintiff.

35.     Due to Plaintiff's termination of the book contracts for Defendants' failure to pay royalties owed to him, Defendant Cardoza Publishing has no authorization to publish, distribute, sell, or license Plaintiff's Books.

36.     Defendants' representations, including on Cardoza Publishing's website, that it has the authority to publish, distribute, sell, and license Plaintiff's Books has interfered with Plaintiff's ability to enter into contractual relationships with others to profit from Plaintiff's Books.

37.     Exclusive rights in copyrighted works are defined and remedies for infringement are contained in Chapter 1 of Title 17 of the United States Code.

38.     Chapter 5 section 501 of Title 17 of the United States Code provides for an action of infringement of Copyright.

39.     Each of Plaintiff's Books is a protected work, Defendants copied the protected work, and each copying of the protected work was an infringement on Plaintiff's copyright.

40.     Chapter 5 section 504 of Title 17 of the United States Code provides for remedies for copyright infringement.

41.     Plaintiff is entitled to actual damages, compensatory damages, as well as all profits Defendants wrongfully obtained, and statutory damages as provided by United States

Copyright Law.

42.     As a direct and proximate result of Defendants' copyright infringement, Defendants have profited and continue to profit from intellectual property to which Defendants have no claim or entitlement.

WHEREFORE, Plaintiff Kenneth Warren prays for Judgment on Count I against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, for a sum in excess of $75,000, together with pre-judgment interest and all other interest at the legal rate, statutory penalties and punitive damages, attorneys' fees, the costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

43.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

44.     The conduct of defendants in failing to pay Plaintiff the correct royalties, failing to provide proper statements of account as required, and sending threatening emails to deter and prevent Plaintiff from contacting anyone to find out how many of his books were sold by Heel Verlag GmbH, and other conduct, is a breach of each of the enumerated contracts set forth herein.

45.     Plaintiff has complied with all terms of the contracts and has performed and fulfilled each and every condition and obligation required of him under the aforementioned contracts.

46.     As a direct and proximate result of Defendants' breaches, Plaintiff suffered damages in an amount to be determined upon the trial of this cause, as and for the stated value of each of his works, royalties owed for each and every sale of his works whether foreign or

domestic, as well as other amounts that may be reasonably due and payable to Plaintiff.

WHEREFORE, Plaintiff Kenneth Warren prays for Judgment on Count II against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, for a sum in excess of $75,000, together with pre-judgment interest and all other interest at the legal rate, for costs, attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT III – REQUEST FOR AN ACCOUNTING

47.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

48.     Plaintiff and Defendants, through the contracts enumerated above, entered into a fiduciary relationship where Defendants undertook the responsibilities to have Plaintiff's Books printed and distributed and to faithfully and accurately report to Plaintiff the volume and number of sales of his books and to pay Plaintiff his proper royalties based upon those sales.

49.     Defendants have caused Plaintiff's Books to be sold in the United States and abroad, but have failed to properly remit all of the royalties owed to Plaintiff.

50.     Defendants are indebted to Plaintiff in an amount that can only be ascertained by an accounting of the sales of all of the books sold by Defendants, by Defendants providing copies of all contracts that Defendants have entered into for the printing and/or distribution of books written by Plaintiff and copies of all statements received by companies printing and/or distributing Plaintiff's Books showing the volume of Plaintiff's Books that have been printed, sold, and distributed by these companies.

WHEREFORE, Plaintiff Kenneth Warren prays this Court enter its judgment and order on Count III granting Plaintiff's request for an accounting of all profits received by any of the

Defendants from the sale or other commercial exploitation of Plaintiff's Books, all sales of Plaintiff's Books, royalty payments, and for costs, attorney's fees, and for such other and further relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

51.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

52.     Defendants, in retaining monies from the sale of Plaintiff's Books, both domestically and abroad, has been enriched by the receipt of money and other tangible benefits.

53.     Defendants enrichment was at Plaintiff's expense.

54.     Under the facts as alleged herein, it would be unjust and unconscionable to allow Defendants to retain the money or other tangible benefits which Defendants have received.

55.     As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has sustained damages.

56.     By breaching the contract by, *inter alia*, falsely reporting the sales of Plaintiff's Books, Defendants have acted tortiously and with complete indifference to Plaintiff's rights under the book contracts entitling Plaintiff to punitive damages in an amount that a jury determines to be fair and reasonable.

WHEREFORE, Plaintiff Kenneth Warren prays for Judgment on Count IV against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, for a sum in excess of $75,000, together with pre-judgment interest and all other interest at the legal rate, for costs, attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT V – FRAUD

57.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

58.     Defendants misrepresented to Plaintiff the actual sales of Plaintiff's Books which Defendants published and had distributed.

59.     Plaintiff reasonably and justifiably relied upon the representations of these Defendants concerning the number of books of each title that were sold for which Plaintiff was entitled to royalties.

60.     Defendants' failure to disclose the correct sales of Plaintiff's Books was a material omission upon which Plaintiff relied.

61.     Plaintiff could not have known of the accurate sales of said books because the distributors of the books did not communicate directly with him and Defendants concealed it.

62.     Plaintiff sent an email to Heel Verlag GmbH on January 17, 2008, one of the international translating and publishing houses that Defendants use, requesting information regarding the sale of Plaintiff's Books.

63.     In its response to Plaintiff, Heel Verlag GmbH stated that it had contacted Defendants and asked them to provide all sales information to Plaintiff.

64.     After receiving Heel Verlag GmbH's email, Defendant Silberstang responded directly to Plaintiff in a threatening and extortionate manner, warning Plaintiff not to seek information from outside sources:

> It was a dumb thing to do, it implies we're dishonest and other bad things. It is the wrong way to approach issues. If you have an issue or a question, just ask me. You've never been denied a full answer or what's coming to you. But don;t [sic] send out letters like that. It's not cool. It can create problems with them not wanting your books. If you want me to push other people's books instead of yours, let me know. You may think of sending an apology or retraction to the German publisher.

That was a dumbass insulting email to send.

65.     Due to duress caused by Defendant Silberstang's threatening email, Plaintiff emailed an apology and retraction to Heel Verlag GmbH and as a result has received no information from Heel regarding any royalties, book sales, or translations to this day.

66.     Eleven months later Plaintiff sent a detailed email requesting Defendant Silberstang to provide information regarding the translations and sales of his books and payments and money owed to him.

67.     Defendant Silberstang has not provided the requested information to this day.

68.     As a direct and proximate result of the fraudulent misrepresentations and/or omissions by Defendants, Plaintiff has suffered considerable damage.

69.     Defendants acted willfully, wantonly, and with an evil purpose with reckless disregard for the rights of Plaintiff and outrageously, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Kenneth Warren prays for Judgment on Count V against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, for a sum in excess of $75,000, together with pre-judgment interest and all other interest at the legal rate, for punitive damages, costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT VI – DECLARATORY AND INJUNCTIVE RELIEF

70.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

71.     As stated above, Defendants have willfully and wantonly breached the abovementioned book contracts and have failed to comply with the terms of these contracts

entered into with Plaintiff accurately to report to Plaintiff the sales of each of Plaintiff's Books which Defendants have had printed and sold and thereby breached each of the contracts.

72.     Plaintiff wishes to find a different publisher who will accurately report the printing and distribution of the sales of Plaintiff's Books.

73.     Plaintiff seeks that this Court declare that Defendants have willfully and wantonly breached the book contracts and that Plaintiff was entitled to terminate the contracts as a result thereof and to enjoin Defendants from publishing, distributing, selling, or licensing any of Plaintiff's Books.

WHEREFORE, Plaintiff Kenneth Warren prays for Judgment on Count VI against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, declaring the rights of Plaintiff and enjoining the conduct of Defendants as herein described, for attorneys' fees, costs of this action, and for such other and further relief as this Court deems just and proper.

## COUNT VII – MONEY HAD AND RECEIVED

74.     Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein.

75.     Defendants had a fiduciary relationship with Plaintiff and a fiduciary duty to hold in trust any money received by them for Plaintiff.

76.     Defendants' conduct as herein described was and is an abuse or breach of their fiduciary duties and their duties to properly act as the trustee of any money received.

77.     As a direct and proximate result of defendants' conduct and breaches of their duties as described herein, plaintiff was damaged.

78. Defendants acted willfully, wantonly, and with reckless indifference or conscious disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff Kenneth Warren prays for Judgment on Count VII against Defendants, Cardoza Publishing and Avery Cardoza a/k/a Allan Silberstang, jointly and severally, for a sum in excess of $75,000, together with pre-judgment interest and all other interest as allowed by law, for punitive damages, costs of this action, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable under Federal Rule of Civil Procedure 38(b).

James R. Dowd #28818MO
James R. Dowd, Attorney & Counselor at Law, LLC
34 N. Brentwood Blvd., Suite 209
St. Louis, MO 63105
Phone: (314) 727-6777
Fax: (314) 727-6773
Email: jim@dowdj.com

Matthew P. O'Grady #47543MO
O'Grady Law Firm, LLC
7710 Carondelet Ave., Ste. 208
St. Louis, MO 63105
Telephone: (314) 621-7989
Facsimile: (314) 725-0994
Email: mpo@ogradylawfirm.net

Joseph F. Yeckel #45992MO
Law Office of Joseph F. Yeckel, LLC
7710 Carondelet Ave., Suite 208
St. Louis, MO 63105
Telephone: (314) 727-2430
Facsimile: (866) 873-5905
Email: joe@yeckel-law.com

Attorneys for Plaintiff