UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH C. WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV572 RLW |
| | ) |
| CARDOZA PUBLISHING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Stay and for Leave to Conduct Discovery Related to Personal Jurisdiction Issues (ECF No. 26). The motion is fully briefed and ready for disposition.

## Background

On April 22, 2016, Plaintiff filed a Complaint against Defendants Cardoza Publishing Company ("Cardoza Publishing") and Avery Cardoza, a/k/a Allan Silberstang ("Cardoza"), raising seven counts related to five publishing book contracts the parties entered into between June 2002 and September 2004. (Compl. ¶¶ 1-4, 8, ECF No. 1) The book contracts granted Defendant Cardoza Publishing the right to publish, sell, and license books authored by Plaintiff pertaining to the game of poker. (*Id.* at ¶¶ 8-9) The contracts also provided for royalties to be paid to Plaintiff. (*Id.* at ¶ 10) Plaintiff contends that his books sold many more copies, both domestically and in foreign countries, than Defendants reported. (*Id.* at ¶ 17) In addition, he alleges that the books had been translated into other languages and sold abroad, which Defendants failed to communicate. (*Id.* at ¶¶ 18-19) Plaintiff claims that Defendants have failed to make royalty payments to Plaintiff for many years and that he terminated the book contracts

based upon Defendants' breach of the contracts. (*Id.* at ¶¶21-22) However, Plaintiff maintains that Defendants have continued to publish and sell Plaintiff's books, including internet sales since 2010. (*Id.* at 23-26) The Complaint alleges that Plaintiff is a resident of Missouri, and Defendant Cardoza is citizen and resident of Nevada. (*Id.* at ¶ 1, 3) Cardoza Publishing is a Florida corporation, with its principal place of business in Nevada. (*Id.* at ¶ 2)

On July 26, 2010, Plaintiff filed an action in this court against Defendants based upon the same contracts set forth above ("*Warren I*"). *Ken Warren v. Cardoza Publishing, Inc., et al.*, No. 4:10-CV-01353 SNLJ. Plaintiff's First Amended Complaint in the 2010 law suit alleged breach of contract, request for an accounting, declaratory and injunctive relief, unjust enrichment, and fraud. On December 2, 2011, United States District Judge Stephen N. Limbaugh, Jr., issued a Memorandum and Order granting Defendants' Motion to Dismiss Due to Lack of Personal Jurisdiction and dismissing all of Plaintiff's claims without prejudice. *Warren v. Cardoza Publ'g, Inc.*, No. 4:10-CV-01353 SNLJ, 2011 WL 6010758 (E.D. Mo. Dec. 2, 2011). On February 21, 2012, Plaintiff filed a petition in the Circuit Court of St. Charles County, Missouri asserting the same claims contained in the 2010 law suit (*Warren II*). (Compl. ¶ 27; Defs.' Mot. to Dismiss Ex. L, *Kenneth Warren v. Cardoza Publ'g, et al.*, No. 1211-CC00182, ECF No. 24-12) Plaintiff voluntarily dismissed the case without prejudice on April 24, 2015 after the state court heard argument on Defendants' motion to dismiss for lack of jurisdiction and ordered Plaintiff file a memorandum in opposition. (Defs.' Mot. to Dismiss Exs. M and N, ECF Nos. 24-14, 24-15)

The Complaint now before the Court, which is Plaintiff's third law suit against Defendants regarding the book contracts ("*Warren III*"), alleges Copyright Infringement (Count I); Breach of Contract (Count II); Request for an Accounting (Count III); Unjust Enrichment

(Count IV); Fraud (Count V); Declaratory and Injunctive Relief (Count VI); and Money Had and Received (Count VII). Plaintiff claims that venue is proper in this Court "because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district." (Compl. ¶ 7) Specifically, Plaintiff contends that Defendant Cardoza Publishing markets and sells Plaintiff's copyrighted books through "brick and mortar" retail locations and through its website and other online outlets and internet websites. (*Id.*) Plaintiff further asserts that the allegedly infringing products are regularly sold within the Eastern District of Missouri. (*Id.*)

On August 12, 2016, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel based on Judge Limbaugh's determination that the court lacked personal jurisdiction over Defendants. Defendants have attached several exhibits in support of their motion, as well as an affidavit from Defendant Cardoza, indicating that Cardoza Publishing does not distribute books to book stores or other retail outlets in Missouri, but that sales are through a third party distributor. (Cardoza Aff. ¶¶ 9-10, 13-17, ECF No. 25) Further, Cardoza avers that his company has maintained a website since 2008 and that only one web purchase was made by a person in Missouri, six days after Plaintiff filed the present suit. (*Id.* at ¶ 18) Cardoza additionally states that Cardoza Publishing Company does not sell Plaintiff's books to Amazon. (*Id.* at ¶¶ 19-20) Plaintiff responded with a Motion for Stay and for Leave to Conduct Discovery on Personal Jurisdiction Issues.

## Discussion

"A court may grant discovery on the issue of personal jurisdiction when jurisdictional facts are unclear from the record and a party demonstrates that it can supplement its jurisdictional allegations through discovery. *Stockell Healthcare Sys., Inc. v. CSS Healthcare Techs., Inc.*, No. 4:16-cv-00237-JCH, 2016 WL 3743190, at *2 (E.D. Mo. July 13, 2016)

3

(citation omitted). However, "'[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co. KG*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (internal quotation omitted)); *see also 1st Tech., LLC v. Digital Gaming Sols. S.A.*, No. 4:08 CV 586 DDN, 2008 WL 4790347, at *6 (E.D. Mo. Oct. 31, 2008) ("'Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.'") (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

Here, Plaintiff requests that the Court stay ruling on the Motion to Dismiss to allow him to propound interrogatories and requests for productions on Defendants related to the personal jurisdiction issues and to depose Cardoza and subpoena the distributors. However, other than speculative and conclusory allegations that Defendants have sufficient contacts with Missouri, Plaintiff offers nothing to show that jurisdictional discovery is necessary. Indeed, the record shows that Plaintiff filed *Warren I* in 2010 and *Warren II* in 2012. Plaintiff offered affidavits and exhibits in *Warren I* and conducted substantial discovery in *Warren II* during the years 2012 through 2014. (Defs.' Mot. to Dismiss Ex. J, ECF No. 24-10; Ex. P, ECF No. 24-16) Instead of offering evidence or specific allegations to refute Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel, Plaintiff now asserts that he requires jurisdictional discovery to respond to the motion. However, after six years of attempting to bring a claim in Missouri, and having presented only speculative facts, at best, the Court finds that Plaintiff's request is nothing more than a fishing expedition. *See Riceland Foods, Inc. v. SCF Marine, Inc.*, No. 4:09CV830 CDP, 2009 WL 2928764, at *3 (E.D. Mo. Sept. 9, 2009) (declining to authorize

plaintiff's fishing expedition). Thus, the Court will deny Plaintiff's request to stay Defendants' motion to dismiss and for jurisdictional discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay and for Leave to Conduct Discovery Related to Personal Jurisdiction Issues (ECF NO. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file any response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel no later than December 2, 2016.

Dated this 18th day of November, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**