UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH C. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV572 RLW |
| ) | |
| CARDOZA PUBLISHING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Cardoza Publishing Company and Avery Cardoza's Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel (ECF No. 23). The motion is fully briefed and ready for disposition.

## Background

On April 22, 2016, Plaintiff filed a Complaint against Defendants Cardoza Publishing Company ("Cardoza Publishing") and Avery Cardoza, a/k/a Allan Silberstang ("Cardoza"), raising seven counts related to six publishing book contracts the parties entered into between June 1996 and September 2004. (Compl. ¶¶ 1-4, 8, ECF No. 1) The book contracts granted Defendant Cardoza Publishing the right to publish, sell, and license books authored by Plaintiff pertaining to the game of poker. (*Id.* at ¶¶ 8-9) The contracts also provided for royalties to be paid to Plaintiff. (*Id.* at ¶ 10) Plaintiff is the registered owner of the copyright of each book. (*Id.* at ¶ 14) Plaintiff contends that his books sold many more copies, both domestically and in foreign countries, than Defendants reported. (*Id.* at ¶ 17) In addition, he alleges that the books had been translated into other languages and sold abroad, which Defendants failed to communicate. (*Id.* at ¶¶ 18-19) Plaintiff claims that Defendants have failed to make royalty

payments to Plaintiff for many years and that he terminated the book contracts based upon Defendants' breach of the contracts. (*Id.* at ¶¶21-22) However, Plaintiff maintains that Defendants have continued to publish and sell Plaintiff's books, including internet sales since 2010. (*Id.* at 23-26)

Defendant Cardoza Publishing is a Florida corporation with its principal place of business in Las Vegas, Nevada. (*Id.* at ¶ 2) Cardoza is a resident and citizen of the State of Nevada. (*Id.* at ¶ 3) Plaintiff Kenneth Warren is a resident of St. Charles County, Missouri. (*Id.* at ¶ 1)

On July 26, 2010, Plaintiff filed an action in this court against Defendants based upon the same contracts set forth above ("*Warren I*"). *Ken Warren v. Cardoza Publishing, Inc., et al.*, No. 4:10-CV-01353 SNLJ. Plaintiff's First Amended Complaint in the 2010 law suit alleged breach of contract, request for an accounting, declaratory and injunctive relief, unjust enrichment, and fraud. On December 2, 2011, United States District Judge Stephen N. Limbaugh, Jr., issued a Memorandum and Order granting Defendants' Motion to Dismiss Due to Lack of Personal Jurisdiction and dismissing all of Plaintiff's claims without prejudice. *Warren v. Cardoza Publ'g, Inc.*, No. 4:10-CV-01353 SNLJ, 2011 WL 6010758 (E.D. Mo. Dec. 2, 2011).

On February 21, 2012, Plaintiff filed a petition in the Circuit Court of St. Charles County, Missouri asserting the same claims contained in the 2010 law suit (*Warren II*). (Compl. ¶ 27; Defs.' Ex. L, *Kenneth Warren v. Cardoza Publ'g, et al.*, No. 1211-CC00182, ECF No. 24-12) Plaintiff voluntarily dismissed the case without prejudice on April 24, 2015 after the state court heard argument on Defendants' motion to dismiss for lack of jurisdiction and ordered Plaintiff file a memorandum in opposition no later than April 24, 2015. (Defs.' Exs. M and N, ECF No. 24-14, 24-15)

The Complaint now before the Court, which is Plaintiff's third law suit against Defendants regarding the book contracts ("*Warren III*"), alleges Copyright Infringement (Count I); Breach of Contract (Count II); Request for an Accounting (Count III); Unjust Enrichment (Count IV); Fraud (Count V); Declaratory and Injunctive Relief (Count VI); and Money Had and Received (Count VII). Plaintiff claims that venue is proper in this Court "because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district." (Compl. ¶ 7) Specifically, Plaintiff contends that Defendant Cardoza Publishing markets and sells Plaintiff's copyrighted books through "brick and mortar" retail locations and through its website and other online outlets and internet websites. (*Id.*) Plaintiff further asserts that the allegedly infringing products are regularly sold within the Eastern District of Missouri. (*Id.*)

On August 12, 2016, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel based on Judge Limbaugh's determination that the court lacked personal jurisdiction over Defendants. Plaintiff filed a response in opposition, contending that collateral estoppel does not apply because Plaintiff has raised a new claim, copyright infringement, and raised new facts regarding brick-and-mortar sales, internet sales, and direct mail marketing. Thus, Plaintiff asserts that the Court now has subject matter jurisdiction over Plaintiff's claims.

## Legal Standards

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Valez v. Portfolio Recovery Assocs.*, 881 F.

Supp. 3d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation and citations omitted)). Where "'the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (internal citations omitted)). *Id.* (citation omitted). "Although the Court may consider affidavits and other matters outside the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a 'minimal' prima facie showing of personal jurisdiction . . . ." *Scarpino v. Bodian*, No. 4:12CV1458 HEA, 2013 WL 4042216, at *3 (E.D. Mo. Aug. 3, 2013) (citation omitted). The party seeking to establish personal jurisdiction carries the burden of proof, and that burden does not shift to the party that challenges jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted).

To determine whether personal jurisdiction exists, the forum state's long-arm statute must be satisfied, and the exercise of personal jurisdiction must be consistent with due process. *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citation omitted). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." *Helenthal v. Polk*, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010) (citations omitted). Due process requires that minimum contacts exist between a nonresident defendant and the forum states such that the exercise of personal jurisdiction is consistent with traditional notions of fair play and substantial justice.

4

*Wells Dairy*, 607 F.3d at 518 (citations omitted). "'Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there.'" *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). A defendant reasonably anticipates being haled into the forum state's court where the defendant performs some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Bell Paper Box*, 22 F.3d at 818-19).

With regard to collateral estoppel, "[d]ismissal of a suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim." *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4403, at 11). "In order for collateral estoppel to apply, (1) 'the issues in both proceedings must be identical'; (2) 'the issue in the prior proceedings must have been actually litigated and actually decided'; (3) 'there must have been [a] full and fair opportunity for . . . litigation in the prior proceeding'; and (4) 'the issue previously litigated must have been necessary to support a valid and final judgment on the merits.'" *Moscato v. MDM Group, Inc.*, No. 05 Civ. 10313(KMW), 2008 WL 2971674, at *3 (S.D.N.Y. July 31, 2008) (quoting *Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991)).

## Discussion

Defendants argue that Plaintiff's Complaint should be dismissed because the prior ruling by Judge Limbaugh, finding that the federal court lacked personal jurisdiction over Defendants, estops Plaintiff from proceeding on a second federal action. Plaintiff, on the other hand, asserts

5

that the copyright infringement claim sets forth different jurisdictional facts such that collateral estoppel does not apply. Specifically, Plaintiff contends that Defendants' marketed and sold books through Missouri stores; through its website, www.cardozabooks.com, to Missouri residents after 2011; and through direct mail marketing to Missouri residents to solicit sales. Plaintiff maintains that these are new, critical jurisdictional facts demonstrating that Defendants are amenable to suit in Missouri for the copyright infringement claim. (Pl.'s Mem. in Opp. pp2-4, ECF No. 34)

The Court finds that Plaintiff's Complaint is barred by collateral estoppel in that the personal jurisdiction determination by Judge Limbaugh in *Warren v. Cardoza Publ'g, Inc.*, No. 4:10-CV-01353 SNLJ, 2011 WL 6010758 (E.D. Mo. Dec. 2, 2011), is binding on this Court. Plaintiff maintains that critical jurisdictional facts have changed such that jurisdiction is now proper, and collateral estoppel does not apply. Specifically, Plaintiff argues Plaintiff's books were shipped to Missouri bookstores to fulfill orders; that the books were sold to a Missouri resident through Defendant's website, www.cardozabooks.com; and that Defendant mailed its *Catalog of Gaming and Gambling Books* to a resident of Missouri, said catalog allowing customers to purchase Plaintiff's books directly through Cardoza Publishing.

In support of his contention that collateral estoppel does not apply Plaintiff relies on *Pohlmann v. Bill-Jax, Inc.*, 176 F.3d 1110 (8th Cir. 1999). In *Pohlmann*, the plaintiff filed a personal injury claim in the Missouri state court. *Id.* at 1111. A jury returned a verdict in favor of the plaintiff, and the defendant appealed. *Id.* The Missouri Court of Appeals remanded the case, with directions to dismiss the case without prejudice for lack of personal jurisdiction. *Id.* (citing *Pohlmann v. Bill-Jax, Inc.*, 954 S.W.2d 371, 374 (Mo. Ct. App. 1997)). Plaintiff then

6

filed a second complaint in Missouri state court, adding further claims. *Id.* Defendant removed on the ground of diversity and filed a motion to dismiss on the ground that the prior decision precluded plaintiff from relitigating the personal jurisdiction issue. *Id.* The district court dismissed the complaint for lack of personal jurisdiction, reasoning that the issue had already been decided by the Missouri courts. *Id.* On appeal, the Eighth Circuit Court of Appeals found that collateral estoppel did not apply to the personal jurisdiction issue in that case because the issue of whether the Missouri court had personal jurisdiction when the first suit was commenced was not identical to whether the court had personal jurisdiction over the second suit filed 4 years later. *Id.* at 1112.

The *Pohlmann* court noted that its decision was limited because in the state court case, "[t]here were no jurisdictional findings in the trial court, simply a ruling by the appellate court that the trial record did not establish the trial court's personal jurisdiction . . . when the first suit was commenced in November 1993. That ruling sheds little if any light on the different legal issue whether Missouri courts, including the district court, had personal jurisdiction . . . when the second suit was commenced . . . ." *Id.* at 1113. The *Pohlmann* court further stated that when jurisdiction is decided on a full jurisdictional fact record, with the court making findings of fact supporting its determination to dismiss for lack of jurisdiction, "the adjudicated jurisdictional facts will be given preclusive effect, and any attempt by plaintiff to file a second suit in the courts of that State will result in a quick dismissal, *unless* critical jurisdictional facts have changed in the interim." *Id.* A subsequent court has recognized the narrow holding in *Pohlmann*. *See Allstate Ins. Co. v. Cherry*, No. ELH-11-2898, 2012 WL 1425158, at \*9 (D. Md. Apr. 23, 2012) ("However, the *Pohlmann* Court emphasized the narrowness of its holding.").

7

In the present case, the district court fully addressed the issue of personal jurisdiction in 2011, finding "[a]n examination of Defendants' conduct and interactions with Plaintiff concerning Plaintiff's six publishing contracts compels the conclusion that Defendants did not transact business in Missouri within the meaning of the Missouri long arm statute." *Warren I*, 2011WL 6010758, at *4. After thorough analysis, the *Warren I* court found that the contracts to pay royalties were insufficient to justify the exercise of specific personal jurisdiction over the Defendants. *Id.* at *7. Similarly, the *Warren I* court found that Plaintiff's drafting part of a book in Missouri pursuant to the contract was insufficient to confer jurisdiction. *Id.* at *6. Finally, the *Warren I* court found that it lacked jurisdiction over Plaintiff's claims of fraud for failing to disclose sales in various overseas markets thus misrepresenting the amounts due under the contracts. *Id.* at *7-8. The *Warren I* court reasoned that "Defendants cannot reasonably be expected to appear in a Missouri court as the result of their continuing contractual obligation to send mail into Missouri in the absence of any other contacts with Missouri, even if the alleged tortious conduct is related to the mailings entering the forum." *Id.* at *8.

The Court finds that collateral estoppel applies to the *Warren I* court's finding that it lacked jurisdiction over Defendants pursuant to the execution and performance of the contract terms. First, the jurisdictional issues are the same in both cases, despite Plaintiff's attempt to inject new jurisdictional facts. Plaintiff now claims that by virtue of book sales through distributors shipped to Missouri bookstores, one alleged internet sale in Missouri, and the mailing of a catalog to a Missouri resident, critical jurisdictional facts have changed such that this Court now has jurisdiction. The Court disagrees.

With regard to book sales to Missouri book stores, the Court finds that this ground for jurisdiction is not a new and material fact. The crux of Plaintiff's *Warren I* argument in stating that Missouri courts had personal jurisdiction over Defendants was the payment of royalties due to ***sales***. (emphasis added). Unlike the *Pohlmann* case, Plaintiff has provided nothing to suggest that the sale of books has changed since Judge Limbaugh issued his opinion. Indeed, Plaintiff stated in his First Amended Complaint that someone at the book distributor, Simon & Schuster, Inc., informed him that books sold many more copies, domestically and abroad, than Defendant Cardoza reported. (Pl.'s First Am. Compl. ¶ 17, Case No. 4:10-cv-01353-SNLJ, ECF No. 17) Plaintiff further alleged that Defendants "have caused books to be sold domestically and abroad." (*Id.* at ¶ 25) Plaintiff's present jurisdictional basis with regard to "brick and mortar" book sales could have been presented to the *Warren I* court. *Moscato,* 2008 WL 2971674, at *4 (finding collateral estoppel applied where plaintiff failed to allege facts that that he could not have previously presented). Further, the causes of action in the instant case are based on the same underlying transactions, namely the contracts between Plaintiff and Defendants for the drafting and sales of Plaintiff's poker books, as well as fraud. *Id.* (finding that claims based on the same underlying transactions did not raise a different basis for personal jurisdiction). Therefore, the Court finds that Plaintiff previously had the opportunity to fully and fairly litigate the issue before Judge Limbaugh in *Warren I*,[1] and the jurisdictional facts contained in *Warren III* have not material changed with regard to book sales. *See Cherry,* 2012 WL 1425158, at *10

---

[1] The *Warren I* judgment was valid and final, as the ruling on personal jurisdiction was necessary to the judgment. Plaintiff did not seek leave to amend his Complaint, nor did he exercise his right to challenge the ruling by way of appeal. *See Moscato*, 2008 WL 29971674, at *4 (stating that the dismissal of the action for lack of personal jurisdiction and failure of plaintiff to appeal demonstrated that the personal jurisdiction issue was necessary to a valid and final judgment).

(finding collateral estoppel precluded plaintiff from litigating a jurisdictional issue where plaintiff had a full and fair opportunity to litigate personal jurisdiction).

Additionally, Defendants correctly note that the spreadsheet presented by Plaintiff regarding sales by Simon & Schuster, Inc. pertain to sales through a third party and not directly through Cardoza Publishing. (Dowd Decl. Ex. 3, ECF No. 34-2) However, "sales by third party distributors cannot confer personal jurisdiction upon [Defendants]." *Buckshot Prods., LLC v. Wildlife Outfitters, LLC*, No. 12cv0779 JAH(KSC), 2013 WL 12108105, at *4 (S.D. Cal. July 30, 2013); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112 (1987)) ("'The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.'"). Thus, the Court finds the evidence of Simon & Schuster book sales is insufficient to establish new jurisdictional facts and confer personal jurisdiction over Defendants because the evidence fails to demonstrate that Defendants purposefully directed their actions toward Missouri.

Plaintiff also contends that the newly added cause of action, copyright infringement, and new evidence of internet sales through Defendants' website, are sufficient to preclude collateral estoppel. The Court finds that one alleged internet sale does not change the force of the opinion

in *Warren I* that Defendants lacked the requisite contacts with Missouri. First, as stated in Plaintiff's Complaint, "[s]ince at least 2010 Defendant Cardoza Publishing has featured Plaintiff's Books on its interactive website www.cardozabooks.com, where residents of Missouri and other states could and did purchase Plaintiff's Books." (Compl. ¶ 25, ECF No. 1) Thus, Plaintiff acknowledges that as early as 2010, when he filed his first suit, Defendants sold his books on their website. This jurisdictional basis could have been raised before Judge Limbaugh in the *Warren I* case.

Second, the evidence presented by the Defendants demonstrates that one sale was made to a Missouri resident on April 28, 2016, six days *after* Plaintiff filed *Warren III*. (Defs.' Ex. D, ECF No. 24-4) Also telling is the fact that the purchaser's billing address is the in the same area where Plaintiff resides, namely, St. Charles, Missouri. (*Id.*; Compl. ¶ 1) Whether "'specific jurisdiction could be conferred on the basis of an interactive website depends not just on the nature of the website but also on evidence that individuals in the forum state accessed the website in doing business with the defendant.'" *True Fitness Tech., Inc. v. Samsara Fitness, LLC*, No. 4:14CV1930 HEA, 2015 WL 3795862, at *5 (E.D. Mo. June 18, 2015) (quoting *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010) (citation omitted)). Here, while Defendants, not Plaintiff, have presented evidence that a Missouri resident accessed the site and made a purchase, Defendants note that they unsuccessfully attempted to contact the customer to determine whether a relationship existed between Plaintiff and the customer. Plaintiff's response does nothing to clarify this ambiguity.

"To make a prima facie showing of personal jurisdiction, [Plaintiff] is required to make 'averments of fact that, if credited by the ultimate trier of fact, would suffice to establish

jurisdiction over [Defendants].'" *Krepps v. Reiner*, 588 F. Supp. 2d 471, 478-79 (S.D.N.Y. 2008) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (quotation and alteration omitted)). Although an internet purchase of goods and delivery of the product to the forum state may establish personal jurisdiction over the defendant, "plaintiffs are not permitted to 'manufacture' personal jurisdiction over defendants by orchestrating an in-state web-based purchase of their goods." *Id.* at 479. While the Court makes no determination regarding whether Plaintiff had a role in the web purchase, Plaintiff, who has the burden of proof to demonstrate personal jurisdiction, does not specifically controvert Defendants' assertion that the sale is specious. Further, the only evidence regarding Defendants' internet presence is the Declaration of Plaintiff's attorney, Joseph Yeckel regarding his Internet searches for Plaintiff's books on www.gamblersbookclub.coom and www.cardozabooks.com. (Yeckel Decl., ECF No. 34-3) However, these allegations fail to provide sufficient facts that would suggest that Defendants purposefully availed himself of the Missouri forum. *See, e.g., Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167, 1179 (D. Utah 2016) (in a copyright infringement case, "the court cannot exercise personal jurisdiction over [defendant] based solely on its website").

Finally, the Court also finds that the catalog allegedly mailed to Deborah Ellen Schweppe, a Missouri resident, in 2013 is insufficient to constitute a critical jurisdictional fact and confer jurisdiction over Defendants. (Schweppe Aff., ECF No. 34-4) Ms. Schweppe lives in St. Peters, Missouri, which is adjacent to Plaintiff's home town of St. Charles. Further, nothing in her affidavit indicates how she received such catalog or whether she placed an order with Cardoza Publishing. As Cardoza attests in his second affidavit, he has no recollection of anyone

from Missouri requesting that a catalog be mailed, and he does not recognize the handwriting. (Cardoza Aff. ¶¶ 2-4, ECF No. 38-1) Likewise, Cardoza Publishing does not perform targeted mailings in Missouri or solicit sales in Missouri through catalog mailings. (*Id.* at ¶¶ 5-6) Again, this catalog "evidence" appears to be manufactured by Plaintiff to grant personal jurisdiction. *See Native Am. Arts, Inc. v. Contract Specialties, Inc.*, No. 09-cv-3879, 2010WL 658864, at *7 (N.D. Ill. Feb. 18, 2011) (finding that an attempt to manufacture jurisdiction is insufficient to establish minimum contacts with the forum State).

In short, the allegedly new facts and the new claim are insufficient to allow the Plaintiff to relitigate the issue of personal jurisdiction previously determined by the *Warren I* court. The Court finds that Plaintiff has failed to establish that "critical jurisdictional facts have changed in the interim," and therefore, the Court will grant Defendants' motion to dismiss on the basis of collateral estoppel. *Pohlmann*, 176 F.3d at 1113.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Estoppel (ECF No. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order. Dated this 6th day of February, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**